IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| J. WILLIAM BREEN, INC. § | | |
| Plaintiff § | | |
| § | | |
| v. § | | CIVIL ACTION No._____ |
| § | | |
| TERRA BIOCHEM L.L.C., § | | |
| Defendant § | | JURY TRIAL REQUESTED |

## J. WILLIAM BREEN, INC.'S ORIGINAL COMPLAINT

Plaintiff, J. William Breen, Inc. files this complaint against Defendant Terra BioChem, L.L.C. and shows the following:

### I. PARTIES

1.  Plaintiff, J. William Breen, Inc. ("JWBI"), is a Florida corporation with its principal place of business in Mt. Pleasant, South Carolina.

2.  Defendant, Terra BioChem, L.L.C. ("Terra"), is a Texas limited liability company with its principal place of business in Jasper County, Texas. Terra may be served by serving its registered agent, Terry D. Sparkman at 610 McQueen Street, Jasper, Texas 75951.

### II. JURISDICTION AND VENUE

3.  The amount in controversy in this matter exceeds the sum of $75,000.00, exclusive of interest and costs, and, as indicated above, the plaintiff, JWBI, and the defendant, Terra, are citizens of different states.  Consequently, this court has jurisdiction pursuant to 28 U.S.C. § 1332 based on diversity of citizenship.

4. Because Terra is a resident of Eastern District of Texas, venue in this matter is proper in the United States District Court for the Eastern District of Texas. *See* 28 U.S.C. § 1391.

### III. FACTUAL BACKGROUND

5. Terra makes and sells the chemicals propylene glycol and glycerin which are used as feedstock in the manufacture of various other products.

6. In 2013, JWBI had relationships with third parties that were potential customers for Terra's products and was in a position to facilitate sales of Terra's products to these third parties. In particular, JWBI was in a position to facilitate sales of propylene glycol and glycerin to two companies named Clariant and Vitusa.

7. On December 4, 2013, Terra and JWBI entered into a Letter Agreement ("Letter Agreement"). The Letter Agreement provides that Terra will pay JWBI a commission on sales that Terra makes to certain customers as to whom JWBI represents Terra in sales negotiations. In particular, the Letter Agreement that provides that:

> [JWBI will represent Terra] in propylene glycol and/or refined glycerin sales negotiations with Clariant and Vitusa (including their corporate affiliates) and other potential large-scale customers. As to Clariant and Vitusa your representation will be exclusive. Your rights to represent us under this agreement will be effective from the date of this agreement through December 31, 2015 and will continue to be in effect thereafter unless terminated by either party upon 30 days written notice to the other party (herein the "Agency Term")…
>
> Compensation to J William Breen, Inc for all sales to Clariant, Vitusa and/or other entities introduced to [Terra] by [JWBI] during the Agency Term will be as follows:
>
>> A. Through the period ending 12/31/2016, a commission of $0.02 per pound sold.

      B. The period calendar year 2017 a commission of $0.0125 per pound sold.
      C. For the period calendar year 2018 a commission of $0.0075 per pound sold.
      D. All commissions will be paid within five (5) banking days after receipt of sales proceeds.
      E. We will provide you with proper documentation of all sales activities and purchase orders. A sale is deemed to occur upon actual shipment or upon our receipt of confirmed purchase order followed by shipment within 30 days.

*See* the Letter Agreement, a copy of which is attached as Exhibit A and incorporated by reference.

    8. Pursuant to the Letter Agreement, JWBI introduced Clariant and Vitusa to Terra and represented Terra in sales negotiations with those customers. As a result of JWBI's efforts, Terra made a number of sales in 2014 and JWBI was paid $66,952.45 in commissions for 2014. Terra did not produce propylene glycol in 2014.

    9. In 2015, Terra experienced financial difficulties and failed to timely pay commissions to JWBI despite the fact that Terra made numerous sales to customers subject to the Letter Agreement for which Terra is obligated to pay commissions. Terra acknowledges that it is obligated to pay these commissions and has repeatedly promised to make payment to JWBI. For example, in an email on August 8, 2015, Tom Bass, the CEO of Terra, told Bill Breen of JWBI that:

> I am working on a plan that would include getting you the $35k by the end of the month…would that be acceptable?

However, no money was paid by the end of August. Rather, on August 31, 2015, Mr. Breen received another email from Mr. Bass that said, among other things:

> I would like to start paying the backlog of commission payments to you starting the end of September with the January payment. If we

> get close to our September sales target (35 TT), then I can do the February and March the end of October.  If we come close to hitting October sales (55 TT) then I can do April-May in November.  From there we will bring you current quickly.

Unfortunately, none of the above-proposed payments were made. Instead, on November 6, 2015 in response to further requests by JWBI for payment, JWBI received another promise of payment from Mr. Bass:

> I will revert back shortly with the payment schedule you are requesting.

As with Terra's previous commitments, this one was not honored.

10. Instead of sending payment, by letter dated November 30, 2015, Terra notified JWBI that it was terminating the Letter Agreement as of December, 31, 2015 ("Termination Letter").  In the Termination Letter, in contravention of the Letter Agreement, Terra states that "all rights created by the Letter Agreement will terminate effective December 31, 2015."  This assertion notwithstanding, as indicated by the excerpt from the Letter Agreement quoted above, Terra remains obligated to JWBI for commissions on sales to entities covered by the Letter Agreement through 2018.  Substantial commissions will accrue to JWBI for the years 2016 through 2018.

11. Terra has still not paid JWBI any of the commissions for 2015.  Through November 30, 2015, JWBI is owed $194,987.60 in commissions.[1]  This entire amount remains unpaid and past due.

---

[1] JWBI has calculated its commissions based on information provided to it by Terra.  Should that information prove to be incorrect, JWBI will seek to modify its Complaint accordingly.

## IV. CAUSES OF ACTION

### A.  Breach of Contract

12. Paragraphs 1 through 11 are incorporated herein by reference.

13. Terra has breached the Letter Agreement by failing to pay JWBI the commissions it earned through November 30, 2015.  As indicated above, as of November 30, 2015, there was $194,987.60 in unpaid commissions owed by Terra to JWBI.  JWBI seeks recovery of this sum.

14. In addition to the sums for commission through November 30, 2015, there are unpaid commissions owed for sales through December 2015 and thereafter.  JWBI seeks recovery of these unpaid commissions.

15. Terra's rejection of its obligation to pay commissions on sales made to customers covered by the Letter Agreement for the years 2016 through 2018 is an anticipatory repudiation of its obligation under the Letter Agreement to pay such commissions.  JWBI seeks recovery of all commissions to which it is entitled for sales made during the period 2016 through 2018.

## V.  ATTORNEYS' FEES

16. In accordance with Chapter 38 of the Texas Civil Practice and Remedies Code, JWBI is entitled to its reasonable attorneys' fees for bringing this action.  All conditions precedent to recovery of those attorneys' fees have occurred.

## VI. CONCLUSION AND PRAYER

17. JWBI asks it have judgment against Terra for the amount of all commissions that are owed to it, for its reasonable attorneys' fees and costs of court together with interest as provided by law, and that it have such other relief to which it is entitled.

        Respectfully submitted,

        **HICKS THOMAS, LLP**


        By: */s/ Allen Rustay*_____
           Allen Rustay
           State Bar No.
           arustay@hicks-thomas.com
           Jay N. Gross
           State Bar No. 08532980
           jgross@hicks-thomas.com
           700 Louisiana, Suite 2000
           Houston, Texas  77002
           Tel: 713.547.9100
           Fax: 713.547.9150

        **ATTORNEYS FOR PLAINTIFF**
        **J. WILLIAM BREEN, INC.**